IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

UNITED STATES OF AMERICA

v.

INDIA MIDDLETON, NIKIA
WAKEFIELD, KATRINA
LAWSON, and JAMES
MCFARLAND, et al.,

     Defendants.

CRIMINAL ACTION FILE

NO. 3:21-cr-6-TCB

# **O R D E R**

This case comes before the Court on the objections [303, 304, 305]

of Defendants India Middleton, Nikia Wakefield, and Katrina Lawson

to Magistrate Judge Russell G. Vineyard's order and report and

recommendation ("the R&R") [300]. The R&R denied Middleton and

Wakefield's motions [229, 234] for a bill of particulars. It recommended

denying Middleton, Wakefield, and Defendant James McFarland's

motions [230, 232, 239] to sever and Lawson's motion [221] to suppress

evidence, as supplemented [272].

## I.    Background[1]

Defendants, along with seven others, are charged with wire fraud and conspiracy to commit wire fraud in connection with applications for funds made available through the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, including loans under the Payroll Protection Program ("PPP").

On August 23, 2021, Lawson filed a motion [221] to suppress evidence, arguing that the Court should suppress all evidence found on or derived from her cell phone. Specifically, she argues suppression is warranted because of the delay between the warrantless seizure of her phone, the warrant application, and the search itself. On November 17, Lawson filed a supplemental suppression motion [272], arguing that the same evidence should be suppressed because the information in the warrant itself was "too stale" to justify the issuance of a search warrant. [272] at 1.

---

[1] The Defendants do not specifically object to the magistrate judge's factual findings. Accordingly, the Court adopts the magistrate judge's recitation of the factual background as set forth in the R&R [300], but provides a brief summary here.

2

On September 7, Middleton and Wakefield filed substantially identical motions [229, 234] for a bill of particulars, contending that the "superseding indictment 'alleges one large conspiracy among all defendants to commit wire fraud,' but 'then alleges 13 substantive counts outlining conduct specific to 1-4 individual defendants.'" [300] at 10 (quoting [229] at 3; [234] at 3). They further assert that the indictment "does not explain how each of the ten named defendants worked together to accomplish the single conspiracy charged." *Id.* (quoting [229] at 3; [234] at 3).

On the same day, Middleton, Wakefield, and McFarland all filed nearly identical motions [230, 232, 239] to sever, each seeking a separate trial from their co-defendants. They specifically argue that "'admission of otherwise inadmissible hearsay would violate their due process rights'; that admission of co-conspirator Quarterman's drug crimes would violate their due process rights; and that a joint trial in this case would be unfair due to the danger of the 'spill over' effect." [300] at 17 (quoting [230] at 4–10; [232] at 3–8; [239] at 3–8).

On February 2, 2022, Judge Vineyard issued the R&R, which denied the motions for a bill of particulars and recommended denying the motions to sever and suppress. Middleton and Wakefield filed objections [303, 304] to both the order and recommendation portions of the R&R. Lawson filed objections [305] to the report and recommendation portion. McFarland did not file objections.

## II.  Legal Standards

The Court must apply three different legal standards in reviewing the R&R and Defendants' objections thereto. The standard varies depending on whether the magistrate judge issued an "order" or a "report and recommendation" on the outstanding motions. Further, the standard varies depending on whether Defendants objected to the magistrate judge's rulings.

"A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." FED. R. CRIM. P. 59(a). Once a magistrate judge issues an order, "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order . . . . The district judge must consider timely

4

objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

"A district judge may refer to a magistrate judge *for recommendation* a defendant's . . . motion to suppress evidence . . . or any matter that may dispose of a charge or defense." FED. R. CRIM. P. 59(b)(1) (emphasis added). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CRIM. P. 59(b)(2).

"The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

## III.   Discussion

As an initial matter, McFarland did not file objections to the R&R. Thus, the Court reviews the R&R as to his motion [239] to sever for

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

clear error. Finding no clear error, the Court will adopt the R&R as to McFarland's motion and will deny his motion [239] to sever.

Additionally, the Court will overrule Middleton and Wakefield's objections to the denial of their motions to sever. Middleton and Wakefield filed perfunctory objections, incorporating their prior briefing, and identifying no specific findings to which they object.

"[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citing *Nettles*, 677 F.2d at 410 n.8). Further, "a party does not state a valid objection to an R&R by merely incorporating by reference previous filings." *Hammonds v. Jackson*, No. 1:13-cv-711-MHS, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Nettles*, 677 F.2d at 410.

7

Because Middleton and Wakefield's objections were general and merely incorporated their prior briefing, the Court will overrule them. Accordingly, it will adopt the R&R as to its denial of the motions [230, 232] to sever.

## A.   Motions for Bill of Particulars

The R&R denied Middleton and Wakefield's request for a bill of particulars, finding that the indictment contains "sufficient information about the nature of the charges to enable [Middleton and Wakefield] to prepare for trial, to avoid unfair surprise, and to enable [them] to plead double jeopardy in the event of a later prosecution for the same offense." [300] at 16 (quoting *United States v. Bickers*, No. 1:18-cr-98-SCJ-LTW, 2019 WL 7559292, at *8 (N.D. Ga. Sept. 17), *adopted by* 2019 WL 5587050, at *7 (N.D. Ga. Oct. 30, 2019)).

Middleton and Wakefield object to this finding, arguing that their requests for information are limited in scope and are necessary to prepare a defense for trial. They assert that the indictment fails to allege how there was a "single conspiracy between all of the charged

codefendants, or how that alleged single conspiracy was effectuated."
[303] at 5.

A district court is vested with broad discretion in deciding
whether a bill of particulars should be granted. *United States v. Cole*,
755 F.2d 748, 760 (11th Cir. 1985) (citations omitted).

The Eleventh Circuit has noted that a bill of particulars serves
three purposes: "to inform the defendant of the charge against him with
sufficient precision to allow him to prepare his defense, to minimize
surprise at trial, and to enable him to plead double jeopardy in the
event of a later prosecution for the same offense." *United States v.
Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citations omitted).

However, a defendant cannot successfully move for a bill of
particulars in order "to force the government into divulging its
prosecution strategy." *United States v. Maurya*, 25 F.4th 829, 838 (11th
Cir. 2022). Nor should a bill of particulars "be used to compel the
government to provide the essential facts regarding the existence and
formation of a conspiracy." *United States v. Rosenthal*, 793 F.2d 1214,
1227 (11th Cir. 1986). In an indictment for conspiring to commit an

offense in which the conspiracy is the "gist" of the crime, it is "not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy or to state such object with the detail which would be required in an indictment for committing the substantive offense." *Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (citations omitted).

The Eleventh Circuit has held that to sustain a conspiracy conviction under 18 U.S.C. § 1349,[3] the Government must prove that "(1) a conspiracy existed; (2) the defendant knew of it; and (3) the defendant knowingly and voluntarily joined it." *United States v. Moran*, 778 F.3d 942, 960 (11th Cir. 2015) (quoting *United States v. Vernon*, 723 F.3d 1234, 1273 (11th Cir. 2013)). *Id*. The Government must only "prove that the defendant knew of the 'essential nature of the conspiracy.'" *Id*. (citation omitted). Further, "[a]n individual cannot escape guilt merely because he joined the conspiracy after its inception or because he played

---

[3] Section 1349 provides a criminal penalty for anyone who "attempts or conspires to commit . . ." a crime under 18 U.S.C. § 1343, fraud by wire, radio, or television.

a minor role in the total scheme." *United States v. Knowles*, 66 F.3d 1146, 1155 (11th Cir. 1995) (citation omitted).

Here, Defendants Wakefield and Middleton contend that the indictment "does not explain how each of the ten named defendants worked together to accomplish the single conspiracy charged" in the indictment. [229] at 3. However, the indictment provides the names of the alleged co-conspirators, the time frame of the conspiracy, the specific offense conduct of each defendant, and the overall object of the conspiracy, which was "to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts." [1] at 2. Moreover, the indictment tracks the language of the statutes implicated and adequately informs Defendants of the charges pending against them.

Accordingly, the Court finds no clear error in the magistrate judge's R&R and will overrule the objections [303, 304] as to the R&R's denial of the request for a bill of particulars.

## B.    Motion to Suppress

Defendant Lawson moves to suppress evidence found on her cell phone which was seized incident to her arrest.

The Fourth Amendment guards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and imposes a warrant requirement on most searches and seizures. U.S. Const. amend IV. However, "it is constitutionally reasonable for law enforcement officials to seize 'effects' that cannot support a justifiable expectation of privacy without a warrant, based on probable cause to believe they contain contraband." *United States v. Jacobsen*, 466 U.S. 109, 121–22 (1984) (citations omitted). Moreover, a temporary warrantless seizure supported by probable cause is reasonable so long as "the police diligently obtained a warrant in a reasonable period of time." *Illinois v. McArthur*, 531 U.S. 326, 334 (2001).

Lawson argues that the Government's twelve-day delay in submitting a search warrant application to search her cell phone, after its seizure at the time of her arrest, was unreasonable under the rule

set out in *United States v. Mitchell*, 565 F.3d 1347, 1350–51 (11th Cir.
2009) (per curiam), where the Eleventh Circuit held that the seizure of
a computer based on probable cause is unconstitutional if law
enforcement acts with "unreasonable delay" in securing a search
warrant.

The Government responds that the delay was reasonable under
the totality of the circumstances and considering the factors laid out in
*United States v. Laist*, 702 F.3d 608, 613–14 (11th Cir. 2012) ("first, the
significance of the interference with the person's possessory interest;
second, the duration of the delay; third, whether or not the person
consented to the seizure; and fourth, the government's legitimate
interest in holding the property as evidence" (internal citations
omitted)).

The magistrate judge determined that each *Laist* factor weighed
in the Government's favor, and he recommended that the initial motion
to suppress be denied. He further found that the arguments raised in
Lawson's supplemental motion to suppress were untimely but
nevertheless considered them on the merits. He subsequently found the

motion to be "without merit," [300] at 50, and that the information in the search warrant affidavits was not stale. Thus, he recommended that the supplemental motion to suppress also be denied.

The Court agrees with the magistrate judge that the *Laist* factors weigh in favor of denying the motion to suppress.

### 1.   Interference with Possessory Interest

During the twelve-day period after seizure of the phone, Lawson did not request the return of her phone even though she was released on bond the day after her arrest.

"The failure to make a request for return of the cellular telephone[] during the period of delay undermines Defendant's claim that [her] Fourth Amendment rights were impacted." *United States v. Brantley*, 1:17-cr-77-WSD, 2017 WL 5988833, at *3 (N.D. Ga. Dec. 4, 2017); *see also Thomas v. United States*, 775 F. App'x 477, 490 (11th Cir. 2019) (per curiam) (citations omitted) (considering fact that the defendant never requested return of seized desktop computer during the thirty-three days it took to secure a search warrant as a factor in diminishing defendant's possessory interest in the desktop). Also, there

is evidence that the phone was not functional during the period leading up to and following the seizure. Thus, the Court agrees with the magistrate judge that Lawson's possessory interest in the phone was not so severely harmed as to warrant suppression.

## 2.   Duration of the Delay

To assess the reasonableness of the delay, the Court must "take into account whether the police diligently pursued their investigation." *Laist*, 702 F.3d at 614 (quoting *United States v. Place*, 462 U.S. 696, 709 (1983)). The Eleventh Circuit has noted that "there may be occasions where the resources of law enforcement are simply overwhelmed by the nature of a particular investigation, so that a delay that might otherwise be unduly long would be regarded as reasonable." *Mitchell*, 565 F.3d at 1353.

Indeed, the Eleventh Circuit "upheld a twenty-five-day delay where the defendant's possessory interest in the seized property was diminished and the agents involved were 'extremely busy.'" *United States v. Turner*, No. 8:18-cr-80-T-02JSS, 2019 WL 2287967, at *3 (M.D.

15

Fla. May 29, 2019) (quoting *Laist*, 702 F.3d at 616–17). "The same considerations compel a finding of reasonableness here." *Id.*

Inspector Daryl Greenberg of the United States Postal Inspection Service was the sole case agent leading the investigation and testified at the suppression hearing. He testified that he worked diligently on Lawson's case and in drafting the search warrant while continuing to work on other matters relating to the case. He further testified that he spent several of the twelve days trying to locate and coordinate the arrest of two of Lawson's co-conspirators.

The Court agrees with the magistrate judge's finding that "[t]he government has demonstrated compelling justification for the delay in seeking and obtaining the search warrant." [300] at 45 (quoting *United States v. Todd*, No. CR 416-305, 2017 WL 1197849, at *12 (S.D. Ga. Feb. 10), *adopted by* 2017 WL 1172113, at *1 (S.D. Ga. Mar. 29, 2017)).

### 3.   Consent to the Seizure

The Court agrees with the magistrate judge's finding that "[a]lthough Lawson did not consent to the seizure of her cell phone, she has not challenged the seizure, and 'the seizure was lawful,' which

'favors the government.'" [300] at 41 n.11 (quoting *Brantley*, 2017 WL 5988833, at *3).

### 4.    Government Interest

The magistrate judge found—and the Court agrees—that the Government had a strong interest in holding the cell phone as evidence.

Factors to consider in this determination include "the nature and complexity of the investigation"; "the quality of the warrant application and the amount of time we expect such a warrant would take to prepare; and any other evidence proving or disproving law enforcement's diligence in obtaining the warrant." *Laith*, 702 F.3d at 614 (internal citations omitted).

The magistrate judge found that cell phone activity was integral to the investigation and that Investigator Greenberg "'saw and had every reason to believe the exact same activity was occurring on new loans in January, February, and into March of 2021' and that the coconspirators were 'utilizing the same means,'" including cell phones, to commit new offenses. [300] at 48 (citation omitted).

Also weighing in favor of the Government's interest is the complexity of the underlying case and that Judge Vineyard found that Lawson was "the head of the snake." *Id*. There is no evidence of a lack of diligence by the Government, and the search warrants were sufficiently detailed to strengthen the Government's interest under *Laith*.

In sum, the Court agrees with the magistrate judge's conclusion that "applying the *Laist* factors to the record before the Court . . . the time period between law enforcement's seizure of Lawson's cell phone and its obtaining a search warrant was not so unreasonable to justify suppression." *Id*. (quoting *United States v. Covington*, No. 1:16-cr-145-TWT-JKL-15, 2017 WL 10410076, at *7 (N.D. Ga. Oct. 5, 2017) (citation omitted), *adopted by* 2018 WL 5016499, at *1 (N.D. Ga. Oct. 16, 2018)).[4]

---

[4] Lawson argues that this case is more like *Mitchell* than *Laith*. *Mitchell*, however, is readily distinguishable. Unlike in *Mitchell*, Lawson was not "merely a 'possible target' in a government investigation." *Covington*, 2017 WL 10410076, at *7. Instead, she was indicted, and the phone was seized incident to her lawful arrest. Different considerations apply here from those applied in *Mitchell*, and the Court finds that application of the *Laith* factors is indeed appropriate.

### 5.   Staleness

Lawson argues in her supplemental motion that the information in the search warrant application was too stale to justify the search of her cell phone. The Government responds that her argument was untimely, as it was raised for the first time in her post-hearing suppression motion. It further argues that even were the Court to consider the supplemental arguments, the information in the search warrant was a mix of historical and current facts to provide context and demonstrate probable cause.

The magistrate judge found that Lawson did not properly raise the issue of staleness in her motion but also concluded that the substantive staleness argument is without merit.[5]

The staleness doctrine in the context of probable cause "requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." *United States v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000).

---

[5] While the Court agrees that the staleness issue was not properly raised for the first time in Lawson's post-hearing supplemental motion, the Court will briefly address the merits of her argument.

19

"No mechanical test exists for determining when information becomes fatally stale; rather, staleness is an issue which must be decided on the peculiar facts of each case." *United States v. Bascaro*, 742 F.2d 1335, 1345 (11th Cir. 1984) (abrogated on other grounds) (quotations and citation omitted). In assessing staleness, the Court "may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994).

Where an affidavit recounts an isolated violation, "probable cause quickly dwindles with the passage of time," whereas if the affidavit recites protracted or continuous criminal activity, "time is of less significance." *Bervaldi*, 226 F.3d at 1265 (quoting *Bascaro*, 742 F.2d at 1345–46).

Here, the affidavit contained detailed allegations of an ongoing conspiracy with many participants. Thus, the Court agrees with the magistrate judge and concludes that "the nature of the criminal activity being investigated support[s] a finding of timeliness" as "[t]his was not

20

a search for ephemeral evidence of a single discrete criminal act," but rather "an ongoing financial conspiracy," and "[c]ommon sense suggests that these things are not so easily dissipated especially given the continual nature of the conspiracy." *United States v. Kellogg*, No. 1:12-cr-383-1-CAP, 2013 WL 3991956, at *16 (N.D. Ga. Aug. 1, 2013).

Further, the cell phone and the information derived therefrom is digital media, and courts have generally found that longer periods of time do not render this kind of information stale. *See, e.g., United States v. Sadiki-Yisrael*, 1:16-cr-145-TWT-JKL-3, 2018 WL 5091914, at *6 (N.D. Ga. May 24), *adopted by* 2018 WL 5085687 (N.D. Ga. Oct. 18, 2018) ("[T]he nature of the evidence sought in this warrant—including computer and digital evidence—weighs against a finding of staleness.").

In sum, the Court agrees with the magistrate judge's findings and is similarly "persuaded that the ongoing nature of the alleged fraud, facilitated through electronic communications, together with the nature of the property being searched, 'overcomes any alleged staleness in the information in the affidavit.'" [300] at 56 (quoting *United States v. Acosta*, 807 F. Supp. 2d 1154, 1228 (N.D. Ga. 2011)).

## IV.   Conclusion

For the foregoing reasons, Defendants' objections [303, 304, 305] to the R&R [300] are overruled. The Court adopts as its order the R&R. Defendants' motions [221, 230, 232, 239, 272] to sever and suppress are denied.

IT IS SO ORDERED this 30th day of March, 2022.

Timothy C. Batten, Sr.
Chief United States District Judge